## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jul 30 2018, 10:31 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

John Quirk
Quirk & Hunter PC
Muncie, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General

Henry A. Flores, Jr.
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Aaron L. Dalton,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

July 30, 2018

Court of Appeals Case No.
18A-CR-776

Appeal from the Delaware Circuit Court

The Honorable Kimberly S. Dowling, Judge

Trial Court Cause No.
18C02-1607-F1-04

**Vaidik, Chief Judge.**

# Case Summary

[1]     Aaron L. Dalton pled guilty to two counts of Level 4 felony child molesting, and the trial court sentenced him to the maximum term of twelve years on each count, to be served consecutively. Dalton now appeals, arguing that the trial court erred in ordering the sentences to run consecutively and that his twenty-four-year sentence is inappropriate. We affirm.

# Facts and Procedural History

[2]     In July 2016, the State charged Dalton with five counts relating to two victims: Level 1 felony child molesting (A.J.), Level 1 felony conspiracy to commit child molesting (A.J.), Level 4 felony child molesting (A.J.), Level 4 felony child molesting (A.M.), and Level 5 felony aiding, inducing, or causing child exploitation (A.J. and/or A.M.).

[3]     Dalton and the State later entered into a plea agreement. According to the plea agreement, Dalton agreed to plead guilty to both counts of Level 4 felony child molesting (one for each victim), and the State agreed to dismiss the remaining charges (two Level 1 felonies and a Level 5 felony) in this case. The State also agreed to dismiss child-molesting-related charges in another case, Cause No.

18C02-1609-FA-04.[1]  Sentencing was left to the discretion of the trial court. Appellant's App. Vol. II p. 101.

[4] At the guilty-plea hearing, a factual basis was established for the two counts of Level 4 felony child molesting.  That is, Dalton admitted that between February 1, 2016, and June 29, 2016, he knowingly touched A.J. and A.M., both of whom were less than fourteen years old, on their breasts with the intent to arouse or satisfy his sexual desires.  At the sentencing hearing, the trial court accepted Dalton's guilty plea and entered judgment of conviction.  It then identified numerous aggravators, including that Dalton has "three (3) prior felony convictions for sex offenses involving minors" (a conviction in 1996 for Class C felony sexual misconduct with a minor and two convictions in 1999 for Class B felony child molesting) and "has not benefitted from four (4) years of the most structured and specialized sex offender treatment available through the correctional system; to wit: the defendant stated 'I did not learn anything.'" Tr. pp. 39-40.  The court also identified as mitigators that Dalton pled guilty and "has maintained some gainful employment at times." *Id.* at 40.  Finding that the aggravators "clearly and substantially" outweighed the mitigators, *id.*, the court sentenced Dalton to the maximum term of twelve years on each count.  *See* Ind. Code § 35-50-2-5.5(b) (providing that the sentencing range for a Level 4 felony is two to twelve years, with an advisory sentence of six years).  It

---

[1] According to the Presentence Investigation Report, Dalton was charged with three counts of Class A felony child molesting and one count of Class C felony child exploitation in Cause No. FA-04.  Appellant's App. Vol. III p. 7.

then ordered the sentences to run consecutively because "there are two (2) different victims and two (2) separate incidents." Tr. p. 41. The court acknowledged that it had ordered Dalton to serve the maximum sentence but found that this case "crie[d] out" for it. *Id.* at 40.

[5] Dalton now appeals his sentence.

# Discussion and Decision

[6] Dalton contends that the trial court erred in ordering his sentences to run consecutively and that his twenty-four-year sentence is inappropriate.[2]

# I. Consecutive Sentences

[7] Trial courts have the discretion to impose consecutive sentences. Ind. Code § 35-50-1-2(c). But in order to impose consecutive sentences, a trial court must find at least one aggravator. *McBride v. State*, 992 N.E.2d 912, 919 (Ind. Ct. App. 2013), *reh'g denied*, *trans. denied*. It is well established that the existence of multiple victims or crimes constitutes a valid aggravator that the court may consider in imposing consecutive sentences. *Id.* at 919-20; *see also Myers v. State*, 27 N.E.3d 1069, 1082 (Ind. 2015), *reh'g denied*. Here, the trial court found that the fact that there were "two (2) different victims and two (2) separate

---

[2] Dalton also argues that the trial court's sentencing statement is not sufficient because the court "failed to provide a specific reason why each factor is aggravating or mitigating." Appellant's Br. p. 12. In making this argument, he does not challenge any individual aggravators. We find that the trial court's sentencing statement sufficiently identifies its "reasons for selecting the sentence that it impose[d]." Ind. Code § 35-38-1-1.3.

incidents" justified consecutive sentences. Dalton admits that there were two victims. Accordingly, the court did not abuse its discretion in ordering Dalton's twelve-year sentences to run consecutively.

## II. Inappropriate Sentence

[8] Dalton also argues that his twenty-four-year sentence is inappropriate. Under Indiana Appellate Rule 7(B), this Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, we find that the sentence is inappropriate in light of the nature of the offense and the character of the offender. *Brown v. State*, 10 N.E.3d 1, 4 (Ind. 2014). The defendant has the burden of persuading this Court that his sentence is inappropriate. *Thomson v. State*, 5 N.E.3d 383, 391 (Ind. Ct. App. 2014).

[9] Dalton's inappropriateness argument focuses on the nature of the offenses to which he pled guilty. He claims that the fact that he touched the breasts of two different girls, one time each, does not warrant a twenty-four-year sentence. Although we agree with Dalton that his offenses, by themselves, do not warrant the maximum sentence, Dalton's character—which he does not even address on appeal—does. That is, Dalton was convicted of Class C felony sexual misconduct with a minor in 1996 and given a suspended sentence of four years. Dalton later violated his probation in that case and was ordered to serve two years in the Department of Correction. Then, in 1999, Dalton was convicted of two counts of Class B felony child molesting and sentenced to ten years in the DOC. The court ordered Dalton's ten-year sentence to run consecutive to his

two-year sentence in the probation-revocation case. In addition, Dalton had Class A felony child-molesting charges in Cause No. FA-04 dismissed as part of the plea agreement in this case. Finally, Dalton received four years of sex-offender treatment that was "a condition of [his] parole and not self pursued." Appellant's App. Vol. III p. 11. He claimed, however, that he "did not learn anything" from this treatment. *Id.* Dalton's character reveals that he is a threat to children and hasn't taken advantage of the previous attempts to rehabilitate him. Accordingly, Dalton has failed to persuade us that his twenty-four-year sentence is inappropriate.

[10] Affirmed.

Riley, J., and Kirsch, J., concur.